<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY,<br><br>       Plaintiff,<br><br>v.<br><br>MAHER TERMINALS, LLC and APM TERMINALS NORTH AMERICA, INC.,<br><br>       Defendant. | Civ. No. 08-2334 (DRD)<br><br>**O P I N I O N** |

*Appearances by:*

PORT AUTHORITY OF NEW YORK AND NEW JERSEY
One Path Plaza
Jersey City, NJ 07306
by: Donald F. Burke, Esq.

 *Attorney for Plaintiff*

WINSTON & STRAWN, LLP
One Riverfront Plaza, 7th floor
Newark, NJ 07102
by: James S. Richter, Esq.

 *Attorneys for Defendant Maher Terminals*

**<u>DEBEVOISE, Senior District Judge</u>**

 Plaintiff, the Port Authority of New York and New Jersey ("Port Authority"), has moved

to remand this action to the Superior Court of New Jersey following its removal to this Court by Defendant, Maher Terminals ("Maher"). The Port Authority argues that remand is proper because their complaint provides no basis for federal jurisdiction. Maher, however, argues that jurisdiction exists under 28 U.S.C. § 1331 because the Port Authority's causes of action arise under the Shipping Act of 1984, 46 U.S.C. § 40101 et seq., which is administered by the Federal Maritime Commission. Because the Court lacks subject matter jurisdiction, the Port Authority's motion will be granted.

### I. BACKGROUND

The Port Authority, a bi-state agency of New York and New Jersey that is authorized to, among other things, operate and develop marine terminals, leases space in the Elizabeth Port Authority Marine Terminal in Elizabeth, New Jersey, to both Maher and APM Terminals North America ("APMT"), which has not made an appearance before this Court. Both Maher and APMT provide marine terminal services to ocean common carriers. Maher is organized under the laws of Delaware and has its principal place of business in Berkeley Heights, New Jersey.

In January 2000, the Port Authority entered a lease with APMT which provided that the Port Authority would lease to Maersk Container Service Company, Inc., APMT's predecessor in interest, facilities at the Elizabeth Marine Terminal. According to the terms of the lease, the Port Authority was to deliver to APMT an additional 84 acres, which was referred to in the lease agreement as the "Added Premises." The Added Premises were to be delivered to APMT in whole or contiguous portions between the date of the lease agreement and December 31, 2003.

When the Port Authority failed to deliver the Added Premises, APMT filed a complaint with the Federal Maritime Commission ("FMC") pursuant to the Shipping Act of 1984, 46

U.S.C. § 40101 et seq. APMT's complaint before the FMC alleged that the Port Authority had breached the terms of the lease agreement and owed APMT damages as a result.

In its answer to APMT's complaint before the FMC, the Port Authority denied the allegations made in the complaint, raised certain affirmative defenses, and asserted counterclaims against APMT. In addition, the Port Authority filed a third party complaint against Maher, seeking indemnification if any liability on the part of the Port Authority was found. The Port Authority was seeking indemnification from Maher because Maher was occupying the Added Premises and failed to timely vacate, causing the delay that formed the basis of APMT's claim against the Port Authority. Indeed, APMT's complaint before the FMC alleged that the Port Authority violated the Shipping Act because it refused to enforce Maher's obligation to turn over the Added Premises to APMT and permitted Maher to benefit from the extended use of the Added Premises to the detriment of APMT.

The Port Authority notified Maher of the action before the FMC and demanded that Maher indemnify and hold the Port Authority harmless; Maher refused. Following this refusal, the Port Authority filed an action against Maher in the Superior Court of New Jersey alleging breach of contract and seeking a declaration that a settlement reached between the Port Authority and APMT was reasonable and indemnification, both under the terms of the lease and under the common law. APMT was joined as a necessary party for the purpose of discovery and efficient adjudication. At the same time, the Port Authority filed an order to show cause why the relief it sought should not be granted.

The Port Authority asserts in its state court complaint that its lease with Maher, Lease 249, specifically obligated Maher to turn over the Added Premises to the Port Authority in a

timely manner so that it could deliver them to AMPT and that Maher breached its agreement when it failed to vacate the property in a timely manner. In addition, the Port Authority asserts that Lease 249 required Maher to indemnify and hold harmless the Port Authority for any damages resulting from Maher's failure to turn over the Added Premises in a timely manner and to defend the Port Authority at Maher's sole expense for any claim arising out of its terminal operations under Lease 249.

On May 13, 2008, Maher filed a notice of removal with this Court. In support of removal, Maher asserts that the Court has jurisdiction over the action pursuant to 28 U.S.C. § 1331 and may be removed pursuant to 28 U.S.C. § 1441 because the matter arises under a federal statute—the Shipping Act of 1984. Maher bases its assertion that a federal question exists on the fact that the Port Authority sought similar relief in its third party complaint before the FMC. Because the relief sought is the same, Maher reasons that the state court claims are expressly governed by the Shipping Act of 1984 and therefore that the Port Authority's causes of action arise under the laws of the United States.

## II.  DISCUSSION

### A.  Standard of Review

Removal of a civil action by a defendant from state to federal court is permissible when the district court has original jurisdiction over the plaintiff's causes of action and the action could have been brought in a federal forum in the first instance. 28 U.S.C. § 1441(a). A district court has original jurisdiction over a civil action either when there is diversity of citizenship and an amount in controversy in excess of $75,000.00, 28 U.S.C. § 1332, or when the action arises

under the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331.[1]  An action arises under federal law when the cause of action is created by federal law or when the vindication of a right under state law necessarily turns on some question of federal law.  <u>Franchise Tax Bd. v. Constr. Laborers Vacation Trust</u>, 463 U.S. 1, 9 (1983).

The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule."  <u>Kline v. Sec. Guards, Inc.</u>, 386 F.3d 246, 251 (3d Cir. 2004).  This rule states that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  <u>Id.</u>  Thus, a complaint that only asserts state law causes of action cannot be removed to federal court, unless the complete preemption doctrine applies.[2]  <u>Id.</u>

A plaintiff can challenge the removal of an action by filing a motion to remand.  Once the propriety of the removal has been challenged, "the removing defendant bears the burden of demonstrating that removal was proper and that the Court has subject matter jurisdiction over the action."  <u>Morgan v. Gay</u>, 2006 U.S. Dist. LEXIS 55211, at **5-6 (D.N.J. Aug. 7, 2006).  If the district court does not have original jurisdiction over the action, then remand to the state court is appropriate.

**B.  Propriety of Removal**

---

[1] Diversity jurisdiction under 28 U.S.C. § 1332 is unavailable because the Port Authority and Maher are both citizens of New Jersey.  In addition, removal on diversity grounds is barred by 28 U.S.C. § 1441(b) because Maher is a citizen of the state in which the action was originally brought.

[2] There are no assertions that the state law causes of action in the complaint have been preempted by federal law, thereby converting a state law cause of action into a federal one.  See <u>Kline</u>, 386 F.3d at 251.

The Court lacks subject matter jurisdiction over this case. The three causes of action in the Port Authority's complaint flow from the lease agreement between Maher and the Port Authority. The lease agreement is nothing more than a contract and contractual disputes are purely an issue of state law—they do not arise under the Constitution, laws, or treaties of the United States.

The provisions of the Shipping Act of 1984 do not give rise to federal question jurisdiction because the Shipping Act does not provide immediate access to federal district courts. See Am. Ass'n of Cruise Passengers v. Cunard Line, Ltd., 31 F.3d 1184 (D.C. Cir. 1994); Troy Container Line, Ltd. v. Housewares, Inc., 312 F. Supp. 2d 482 (S.D.N.Y. 2004). The Shipping Act permits a person to file a complaint with the FMC alleging violations of the Shipping Act. 46 U.S.C. § 41301(a). Following the filing of a complaint with the FMC, a complainant may bring an action in an appropriate district court to enjoin conduct in violation of the Shipping Act during the pendency of the FMC proceeding. 46 U.S.C. § 41306(a). The prevailing party before the FMC may also seek the enforcement of a reparation order in a district court having jurisdiction over the parties. 46 U.S.C. § 41309(a). However, no provision of the Shipping Act of 1984 provides a federal cause of action for violations of the Act. Indeed, Maher asserts that the FMC has exclusive jurisdiction over the Port Authority's claims that it breached its marine terminal lease agreement. Therefore, because there is no federal question jurisdiction, there is no basis for removal in this case.

### III. CONCLUSION

For the reasons set forth above, the Port Authority's motion will be granted and this

action will be remanded to the Superior Court of New Jersey.[3]  It is not for this Court to decide, given the prior proceedings before the FMC or the subject matter of the action, whether the Port Authority has the ability to pursue its claims in state court—all it can say is that there is no jurisdiction in this Court.

      The Court will enter an order implementing this opinion.


                                         /s/ Dickinson R. Debevoise
                                         DICKINSON R. DEBEVOISE, U.S.S.D.J.


Dated: June 2, 2008

---

[3] The Court declines to grant attorney's fees or costs to the Port Authority on the basis of the removal and subsequent remand.